(Reap. Dec. 10948)

JOHN L. WESTLAND & SON, INC. *v.* UNITED STATES

Entry No. 3542.

(Decided on rehearing [not published] April 13, 1965)

*Glad & Tuttle* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: The following appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the party hereto, subject to the approval of the court;

1. That this stipulation is limited to the items marked "A" and initialed MW (Examiner's initials) by Examiner Masao Watanabe (Examiner's name) on the invoices covered by the above enumerated appeal to reappraisement, and is abandoned as to all other merchandise.

2. That the merchandise marked "A" consists of GP 900E station wagon, model 12, manufactured by Goliath-Werk GMBH of Germany, and exported during the period July 1, 1956 to February 27, 1957.

3. That the involved merchandise consists of automobiles entered subsequent to the effective date of the Customs Simplification Act of 1956 and identified in the Final List proclaimed by the Secretary of the Treasury pursuant to said Customs Simplification Act (T.D. 54521).

4. That on or about the time of exportation of the involved automobiles, such or similar merchandise was not freely offered for sales in the country of exportation for home consumption or for exportation to the United States.

5. That on or about the said time of exportation such or similar imported merchandise was not freely offered for sale for domestic consumption in the United States.

6. That the cost of production as defined in Section 402(a)(f) of the Tariff Act of 1930 as amended by the said Customs Simplification Act of the automobiles involved herein is as follows: DM 4852.

7. That the above-entitled appeal may be submitted on this stipulation, the same being limited to the merchandise and issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find that the proper basis of appraisement for the involved merchandise, as hereinabove identified, is cost of production, as defined in section 402a(f) of the Tariff Act of 1930, as amended, and that the statutory value therefor is DM4852, and I so hold.

This appeal is dismissed as to all other merchandise.

Judgment will be rendered accordingly.